UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
21-TP-20017-MOORE

UNITED STATES OF AMERICA,

vs.

YAISEL OQUENDO-CABALLERO,

    Defendant.
    _____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

This cause has been referred to the undersigned to take all necessary and proper action as required with respect any violations of Supervised Release as to Defendant Yaisel Oquedo-Caballero (ECF No. 8). At Defendant's initial appearance, a bond was entered and he was ordered released (ECF No. 6).

Upon referral from District Court Judge K. Michael Moore, the matter was set for status conference for the purpose of scheduling an evidentiary hearing on the violations (ECF No. 10). A telephone status conference was conducted on December 17, 2021, and was attended by counsel for the government, appointed counsel for Mr. Oquendo-Cabellero, U.S. Probation Officer Juan Nunez. Defense counsel explained that Defendant was then incarcerated outside of Miami-Dade and his efforts to communicate with Defendant had not been successful.

Telephonic status conferences were held in February, March, and April. Apparently, the Government's efforts to produce Defendant for the revocation proceedings was thwarted by his "out on bond" status, as explained by the Government's April 7, 2022 Notice of Filing (ECF No. 18). At a status conference conducted in May, defense counsel appeared and represented that Defendant did not contest the allegations in the Petition and thus no evidentiary hearing was

required.

Regrettably, the recording device for that hearing failed and no record existed for defense counsel's proffer. A subsequent hearing was conducted on September 9, 2022, wherein defense counsel reconfirmed Defendant's intention to admit the violations alleged in the Petition (ECF No. 3). Upon his representation, no evidentiary hearing is warranted.

Accordingly, it is the recommendation of the undersigned that the Court accept Defendant's admission of guilt and find him guilty of the two Supervised Release Violations as charged.

The parties will have five[1] calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 9th day of September, 2022.

LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable K. Michael Moore
      Counsel of record

---

[1] The period to object herein is shortened, as the Parties agree to the recommendation herein and Defendant has expressed his desire to appear before Judge Moore for his final revocation hearing. Neither party objected to the proposed shortened period to file written objections.